STATE EX REL. ANTHONY F. KEAST, RELATOR AND RESPON-
DENT, *v.* RALPH KRIEG, MISSOULA COUNTY ASSESSOR, AND
ARMAND J. LUCIER, ET AL., RESPONDENTS AND APPEL-
LANTS.

No. 11029.
Submitted February 6, 1966. Decided February 8, 1966.
410 P.2d 710.

William A. Douglas, Helena (argued), Harold J. Pinsoneault, Missoula (argued), for appellants.

Anthony F. Keast, Missoula (argued), for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment by the district court under circumstances as follows:

Respondent here was relator below in a petition treated as a declaratory judgment action. The respondent, as relator, plead himself as a citizen and taxpayer of Missoula County. He sought a writ of injunction as primary relief against the appellants here, who are the county assessor and county commissioners of Missoula County, to prevent those county officials from using appraisals made under the Reclassification Act contained in R.C.M.1947, § 84-429.6 through 84-429.13. Subsequently, the State Board of Equalization was made a party defendant, and the State Board along with the county officials are appellants here.

In a memorandum, the trial court characterized the petition of relator as a "shotgun attack on the Reclassification and Reappraisal Act of 1957 and action taken by public officials thereunder." Then the trial court stated that "stripped of excess verbiage," the petition of relator sought a declaratory judgment that (1) the Reclassification and Reappraisal Act is unconstitutional; (2) that the May 7, 1959, appraisal contract between the county and E. T. Wilkins and Associates is unconstitutional and void; and (3) that the creation of the Missoula County Reclassification Office and appointment of a reclassification officer is unconstitutional.

Upon consideration of these three issues the Court rendered a judgment stating:

(1) That Chapter 191 of the Laws of the Thirty-Fifth Legislative Assembly in 1957 is constitutional;

(2) That a contract dated May 7, 1959, between the Board of County Commissioners of Missoula County and E. T. Wilkins

and Associates, which is referred to in Finding of Fact V is void as a violation of Article XIII, § 5 of the Constitution of Montana; and

(3) That the acts of the county board in creating a reclassification office were a valid exercise of the powers of the county board.

The single specification of error goes to the second holding above, that is, that the named contract was void as a violation of Article XIII, § 5 of the Constitution of Montana. No cross-appeal, nor cross-assignments of error are considered here; so our inquiry is attempted to be narrowed. Neither has there been a challenge to relator as a proper party nor as to whether the problem was moot or subject to collateral attack. Respondent, relator below, had not filed his brief prior to oral argument, and, although this court granted until February 1st for him to do so, none has been filed. Statements made during oral argument will be alluded to because of what this court determines is an incomplete treatment of the issues.

The contract in question was entered into on May 7, 1959, by the Wilkins firm and the county commissioners and was approved by the State Board of Equalization. It provided in substance that the Wilkins firm was to provide services to assist the county commissioners in valuing and reclassifying all taxable real estate and improvements in the county (excluding timber lands) including various specific and related services. The contract provided for experienced and qualified appraisers, the Wilkins firm to supply field offices, equipment and personnel as an independent contractor. The contract provided for cost analysis of construction costs, grades of buildings, measurements, field areas, land types, improvements, sale prices, location factors and numerous other specifications.

The total contract price was $57,300 payable monthly as the services were performed (subject to a ten percent holdback until final completion), and subject to a further provision if sufficient funds were not available currently for such payment, that payment could be deferred until funds were available.

It was developed upon oral argument that the Wilkins' contract had been completed to the satisfaction of the parties thereto. The price had been paid, and the materials furnished were put to use and being used by Missoula County. The questioned act of the Legislature and the actions of the county in establishing a reclassification office had been upheld as previously stated.

Then, we inquire, irrespective of the attempt to limit our inquiry on this appeal, of what possible import is any declaration of invalidity of a satisfactorily long completed contract in a collateral attack such as this? The district court analyzed the matter properly when it termed the petition a "shot-gun attack." It further threw out "excess verbiage" to attempt to find a declaratory judgment action. It ruled on constitutionality of the act and the action taken thereunder. But, as we view it, it gratuitously went further to declare the completed contract void.

This is much the same as a taxpayer of the State questioning his taxes because many years ago a questionable contract, even fraudulent, was entered into to build the capital building. Of course, that is ridiculous in its statement, but nevertheless that is exactly the situation we have here. The relator taxpayer here is a lawyer, appearing pro se, and in questioning assessments of his own property would attempt to question a contract used as a tool in compiling appraisals and reclassifications. Perhaps even the pencils used in the mathematics involved were bought by an illegal contract! Would this make a difference? Of course not.

It may seem that this court is avoiding the question or that it need not rule on a decree that has no effect on the real problem presented. Or, it may even seem that since the controversy existed over the 1964 tax assessment, that this is long since past and the problem is moot. However, during oral argument, relator-respondent, stated that he had paid taxes under protest, advised others to do likewise, and now represented himself and others in two more similar actions concerning later and cur-

rent assessments. The same counsel did not disavow an effort to use the "void contract" holding as to the Wilkins contract as res adjudicata of some form in further actions against the county board. For that reason, we deem it of importance to order stricken from the findings, conclusions and decree of the district court entered on June 3, 1965, those portions relating to the invalidity of the Wilkins contract.

This being an equity action, R.C.M.1947, § 93-216, applies:

*"Powers and duties of supreme court on appeals.*

"The supreme court may affirm, reverse, or modify any judgment, or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. The decision of the court must be given in writing, and a syllabus thereof must be prepared by the court and filed with the opinion; and in giving its decision, if a new trial be granted, the court must pass upon and determine all the questions of law involved in the case, presented upon such appeal, and necessary to the final determination of the case. Its judgment in appealed cases must be remitted to the court from which the appeal was taken. *In equity cases, and in matters and proceedings of an equitable nature, the supreme court shall review all questions of fact arising upon the evidence presented in the record, whether the same be presented by specifications of particulars in which the evidence is alleged to be insufficient or not, and determine the same, as well as questions of law,* unless, for good cause, a new trial or the taking of further evidence in the court below be ordered; provided, that nothing herein shall be construed to abridge, in any manner, the powers of the supreme court in other cases."

Under the authority of the statute, we strike the portions of the decree alluded to above, and as amended affirm. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.